### DRUMMOND v. SMITH et al.

### SAME v. SMITH.

(Supreme Court, Equity Term, Cayuga County. September 20, 1909.)

1. BANKRUPTCY (§ 279*)—VOIDABLE PREFERENCES—MORTGAGES.

   A mortgage was given and accepted when the mortgagor was insolvent with the intent of creating an unlawful preference. The mortgagee knew of the insolvency and shared in the mortgagor's purpose. The mortgage

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was withheld from record until within four months of the filing of the petition in bankruptcy against the mortgagor for the purpose of defrauding creditors into a continuance of their business dealings with the mortgagor. *Held*, that the trustee in bankruptcy could sue to set aside the mortgage.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 279.*]

2. MORTGAGES (§ 175*)—VALIDITY AS AGAINST SUBSEQUENT CREDITORS.

A mortgage valid in its inception, given for a money loan and for a past indebtedness at the time the mortgagor was solvent, was withheld from record by the mortgagee to enable the mortgagor to obtain credit. Subsequently the mortgagee learned of the insolvency of the mortgagor, who obtained credit from third persons, who examined the records and did not know of the unrecorded mortgage. Thereafter the mortgage was recorded. *Held*, that the mortgagee could not enforce the mortgage against the subsequent creditors.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 417; Dec. Dig. § 175.*]

3. TAXATION (§ 75*)—MORTGAGES—STATUTES.

Tax Law (Consol. Laws, c. 60) §§ 253, 254, imposing a recording tax on mortgages thereafter recorded, and providing that an owner of a prior unrecorded mortgage may at his option record the same and pay the tax, do not require the recording of a mortgage previously given, and the holder who fails to record it only runs the risk of losing his security if the premises are sold or mortgaged to a third person in good faith, without notice, and such mortgage before it is recorded is subject to general taxation under section 3 of the tax law.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 75.*]

4. BANKRUPTCY (§ 279*)—PREFERENCES—JUDGMENTS.

Under bankruptcy law, the trustee in bankruptcy may recover of a judgment creditor obtaining a judgment against the bankrupt constituting a preference the value of the property seized and sold under the execution issued on the judgment.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 279.*]

Actions by Nelson L. Drummond, as trustee in bankruptcy of Orlando S. Clark and another, against Frank S. Smith and others and against Frank S. Smith alone. Judgments for plaintiff in each action.

Action No. 1 is brought to set aside a mortgage made by the defendant Orlando S. Clark (purporting also to be signed by his wife) to defendants Frank S. and Alice J. C. Smith, November 26, 1906, for $4,662.40, recorded in Cayuga county, May 4, 1907, covering premises owned by said Clark on State street in the city of Auburn. A petition in bankruptcy against Orlando S. and Herbert R. Clark was filed July 1, 1907, and they were adjudged bankrupts September 20, 1907. In the answer of the defendants Smith, they set up a prior mortgage on the same property for $1,625, never recorded, the amount of which they claim had been included in the $4,662.40 mortgage. Since the commencement of the action, a first mortgage on the property prior to the two above mentioned was purchased by the defendants Smith and foreclosed, and a surplus arising from the sale amounting to $2,044.59 is now in the hands of the county treasurer or the county subject to the determination of this action.

Action No. 2 is brought to set aside a judgment recovered by the defendant Frank S. Smith for $300.44 damages and $16 costs, May 10, 1907, against said Orlando S. and Herbert R. Clark, on which execution was issued and personal property of the bankrupts sold; the plaintiff Smith realizing therefrom the full amount of his judgment. The trustee in bankruptcy asks that Smith be compelled to pay him the amount realized on the sale as the value of the property seized and sold, if the judgment is held to be an unlawful preference. The actions were tried together.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Turner & Kerr (Frank C. Cushing, of counsel), for plaintiff.
F. E. Cady and Irving Bacon, for defendants.

SUTHERLAND, J. A review of the testimony strengthens the impression gained at the trial that when the mortgage of $4,662.40 was given November 26, 1906, Orlando S. and Herbert R. Clark were insolvent, and the mortgagees, knowing the insolvency of the Clarks, accepted the mortgage for the purpose of creating a preference in their favor as against the other creditors, and I am convinced it was withheld from the record from November, 1906, to May, 1907, in order that other creditors might continue to deal with the Clarks and give that credit to them which would not have been extended had the existence of this mortgage been disclosed to the world. The wife of Frank S. Smith, who is co-mortgagee with her husband, is the sister of Orlando S. Clark and aunt of Herbert R. Clark. No one testifies that there was such an agreement between the members of the family as to keeping the mortgage off the record; but the circumstances surrounding the whole transaction are sufficient to justify a finding that such an understanding actually existed. The consideration for this mortgage was almost wholly past indebtedness, in so far as there was a bona fide actual consideration for it. I shall not attempt to decide whether any portion of the alleged consideration was fictitious or not. It is enough to set aside the instrument, so far as the trustee in bankruptcy is concerned, that it was given and accepted when the mortgagor was insolvent with the intention of creating an unlawful preference, and that the mortgagees were aware of the insolvency and shared in that purpose, and that it was withheld from the record until within four months of the filing of the petition for the purpose of deluding and defrauding creditors into a continuation of their business dealings with the mortgagor Orlando S. Clark and his partner, Herbert R. Clark.

The $1,625 mortgage seems to have a valid inception. At the time that mortgage was made, April 13, 1903, the defendants Smith loaned Orlando S. Clark $1,200, and took the mortgage as security for the repayment of that loan. The mortgage was also made to secure the payment of two other notes previously given for $200 and $225, respectively. The $1,200 was loaned to Orlando Clark to enable him to buy an interest in the plaster business thereafter carried on by him and Herbert R. Clark. It has not been shown that on April 13, 1903, Orlando S. Clark was insolvent, and no claim is made that it was originally given and received for the purpose of creating an unlawful preference; but this mortgage never was recorded, and it was withheld from record by the mortgagees at a time in 1906 when the mortgagees knew the Clarks had become insolvent. I am satisfied that the Smiths must have known early in 1906 how the Clarks stood financially, and the circumstances of the case warrant the conclusion that the mortgagees, pursuant to an understanding with Orlando S. Clark, withheld the mortgage from the record and concealed its existence for the purpose of enabling the Clarks to obtain further credit and make further purchases upon the appearance of solvency which the record title gave Orlando S. Clark.

In August, 1906, the Clarks were seeking further credit and desired to make further purchases of the Cayuga Lake Cement Company, which, outside of the Smiths, is their largest creditor, and, in reply to an inquiry as to their property, Orlando stated to Mr. Calkins, the president of the Cayuga Lake Cement Company, that he (Orlando) was then the owner of the State street property, and that it was worth from $9,000 to $10,000, and that there was no incumbrance thereon except a savings bank mortgage of $2,600. Mr. Calkins examined the records, verifying what Orlando told him as to the title of the property and the extent of the incumbrances, and further credit was extended and other goods sold to the Clarks' firm in reliance upon the facts stated by Orlando and the condition of the records, and the indebtedness thus created remains unpaid.

Now, the arrangement between the Smiths and Orlando Clark that this $1,625 mortgage should be kept off record has resulted in just the thing which the Smiths and Orlando Clark should have expected would result, viz., that creditors have been deceived and defrauded into extending credit by reason of the false appearance of solvency which Orlando had been able to maintain with the connivance of the Smiths. Under these circumstances, it would seem intolerable in equity that the Smiths should be allowed to enforce this mortgage against the creditors who have been thus imposed upon.

The plaintiff has also argued that the $1,625 mortgage cannot be given any standing in this class because the recording tax has not been paid thereon. With reference to this, it will be noted that the $1,625 mortgage was made and delivered before the act imposing a recording tax was passed, and that tax is imposed only upon mortgages recorded on or after the 1st day of July, 1906. Section 253, Tax Law (Consol. Laws, c. 60). This act did not make it necessary to record a mortgage previously given. The holder, as before, ran the risk of losing his security if the premises were sold or mortgaged to a third person in good faith and without notice; but no new danger to the security of such a mortgage was created by the act imposing a recording tax. It imposes a tax upon mortgages if recorded after July 1, 1906. The disability referred to by counsel would seem to be in terms imposed upon a mortgage which is recorded after July 1, 1906, unless the recording tax is paid thereon; and with reference to a mortgage given prior to July 1, 1906, and not recorded, section 254 provides, in substance, that the owner thereof may at his option record the same, and pay the recording tax prescribed by that act, whereupon the mortgage shall be exempt from other taxation; and it would appear that such a mortgage, before it is recorded, is subject to general taxation under section 3 of the tax law. Casavoy v. Dimond, 121 App. Div. 559, 106 N. Y. Supp. 277.

The decision that the $1,625 mortgage cannot be enforced as a lien upon the surplus as against the creditors represented by the trustee in bankruptcy is placed upon the ground that the mortgagees are in equity estopped from enforcing the mortgage against the creditors, because the mortgagees are morally responsible for the deception practiced upon the creditors by Orlando S. Clark as to the amount of the incumbrances against his property.

In action No. 2 the plaintiff seeks to have declared an unlawful preference a judgment obtained May 10, 1907, by the defendant Frank S. Smith upon three notes for $300.44 and $16 costs, in the City Court of Auburn, upon which transcript was filed in the clerk's office of Cayuga County, and an execution issued and a levy made upon the personal property and business of the bankrupts, and the property sold by the sheriff, from the proceeds of which sale the defendant Frank S. Smith received full satisfaction of his judgment. In respect to this, it is clear that the judgment was recovered by the creditor Smith and suffered by the debtors Clark with the intention and for the purpose of enabling said creditor to obtain an unlawful preference over the general creditors of said bankrupt, and that purpose had its intended result. The bankruptcy law gives the trustee the right to recover of the judgment creditor thus obtaining that preference the value of the property seized and sold under the execution which is found to be the amount realized upon said sale by the creditor. Costs are awarded plaintiff in each action.

Findings may be prepared and a decree submitted on two days' notice to the defendants in accordance with this opinion.